AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

MARTIN MARASEVIC

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 08-30480

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

This is a presumption case, carrying a maximum sentence of 20 years. Defendant was on parole following an October 6, 2004 conviction of Felony Assault/Bodily Harm Less Than Murder when he was charged in the instant case with Conspiracy to Possess With Intent to Distribute Marijuana. His parole was granted on May 1, 2007, although he was not released from custody until December 2007, after having been incarcerated for more than three years on a 15 months to10 year maximum sentence.
CONTINUED ON PAGE 2

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| November 18, 2008 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant is a 31 year old single male with family ties to the community.  After his release on parole, he took up residence at the bond address in Hamtramck.  He has been self employed since May 2008 in a construction business that he operates out of Hamtramck, Michigan.

Defendant's known criminal history begins in 1996.  He pled guilty to Felony Breaking and Entering in Sterling Heights on September 9, 2000 and was fined $22,378 and was sentenced to one year probation.

He was charged with six counts of Felony Burglary in Sterling Heights on December 22, 2003 and was sentenced to 18 months to 10 years confinement and fined $919 on two counts, $4260 on the second two counts, and was fined $1160 on the last two counts.

On October 6, 2004 Defendant was tried and found guilty of Felony Assault/Bodily Harm Less than Murder and was sentenced to 15 months to ten years. As stated above, he was released from custody seven months after he was granted parole status, and has been on parole since December 2007.  It appears that the facts surrounding this conviction are that Defendant Marasevic stabbed a witness to one of his previous Felony Breaking and Entering cases multiple times, but the witness survived.  Defendant was on parole for that conviction when the instant charges were brought.

According to the DEA Agent Swain who testified in open court, Defendant has been under investigation/surveillance for his involvement with others in a drug trafficking conspiracy since 10/20/2000.  A confidential source was used in the investigation.  When the marijuana went "missing" and the defendant and his co-conspirators began to think that the CI had stolen it from them, Agent Swain testified that Defendant had a conversation with the CI on November 20, 2008 that Defendant was entrusting the CI with $100,000 of marijuana (carrying a street value of $170,000 to $180,000), and that he (the CI) should just take the money and give up the marijuana.

Defense counsel argued that Defendant Marasevic should get bond because his co-defendant Adams is out on bond, and because his sister would act as his third party custodian.  Unlike his co-defendant, Defendant Marasevic was on parole when he was charged in this case, and unlike his co-defendant, Defendant Marasevic's criminal record includes incarceration following conviction for a violent crime (assault less than murder), where he personally stabbed a witness in one of his Felony Breaking and Entering cases several times, but did not kill him.

This case involves 76 kilos of marijuana, and defendant is subject to the statutory presumption of danger and flight risk.  Nothing was presented during the detention hearing that rises to the level of rebutting the statutory presumption.   Defendant is clearly a danger to society, not only because of the instant charges, but also because of his criminal history which includes four breaking and entering sentences, including more than $28,500 in fines in 2003, and the stabbing conviction of a witness to one of the B & E cases.

This Court adopts the recommendation of the Pretrial Services Report and find that this defendant is a danger to the community, and that no bond or conditions of bond would assure the safety of the community or this defendant's appearance in court.  Detention is therefore ordered.